59 F.3d 164
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Nicholas A. PALMIGIANO, ET AL., Plaintiffs, Appellees,
v.
Bruce SUNDLUN, ET AL., Defendants, Appellees. Keith A.
Werner, Plaintiff, Appellant.
 No. 94-1816
 United States Court of Appeals,
First Circuit.
 June 27, 1995
 
 Keith A. Werner on brief pro se.
 Alvin J. Bronstein, Mark J. Lopez, and National Prison Project of the American Civil Liberties Union Foundation, on brief for appellees Nicholas A. Palmigiano, et al.
 Jeffrey B. Pine, Attorney General, Maureen G. Glynn, Special Assistant Attorney General, and Anthony A. Cipriano, Chief Legal Counsel, Rhode Island Department of Corrections, on brief for appellees Bruce Sundlun and Rhode Island Department of Corrections.
 D.R.I.
 AFFIRMED
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 In this long-standing class action involving prison conditions in Rhode Island, plaintiff Keith Werner (a non-named member of the class) appeals from an order denying his motion to be excluded from a settlement agreement recently adopted by the district court. The class was certified back in 1976 as one under Fed. R. Civ. P. 23(b)(2). As plaintiff himself concedes, there is no automatic right to opt-out of a Rule 23(b)(2) class. See, e.g., Ticor Title Ins. Co. v. Brown, 114 S. Ct. 1359, 1361 (1994). Even if the district court had discretion to permit a class member to opt-out in this context, see, e.g., Crawford v. Honig, 37 F.3d 485, 487 n.2 (9th Cir. 1994), the refusal to do so cannot be deemed error in a case, such as this, where only equitable relief has been sought. See Palmigiano v. Garrahy, 443 F. Supp. 956, 959 (D.R.I. 1977) ("No damages are sought in this action."). And the concerns underlying plaintiff's request prove misplaced in any event. We decline to consider the various constitutional challenges advanced on appeal to the absence of an opt-out procedure in Rule 23(b)(2) proceedings, inasmuch as plaintiff failed to raise them below. For the same reason, we disregard his argument that the class should have been decertified or restructured at some point in the past.
 
 
 2
 Assuming arguendo that plaintiff has standing to raise the issue, we also reject his perfunctory suggestion that the district court abused its discretion in adopting the decree. Having reviewed the agreement in full, we find its provisions to be "fair, adequate, and reasonable." Durrett v. Housing Auth. of City of Providence, 896 F.2d 600, 604 (1st Cir. 1990); accord, e.g., Conservation Law Foundation v. Franklin, 989 F.2d 54, 58-59 (1st Cir. 1993). We likewise find the other criteria enumerated in Durrett to have been fully satisfied.
 
 
 3
 The judgment is affirmed. Appellant's motion to supplement his reply brief is denied.